UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **DEBORAH HANSEN,** | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| **JONES LANG LASALLE** | : | |
| **AMERICAS, INC.,** | : | |
| | : | |
| Defendant. | : | NOVEMBER 13, 2014 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Deborah Hansen, by and through his attorneys, Sabatini and Associates, LLC, complaining of the defendant, respectfully alleges:

### PARTIES

1. At all times material, plaintiff, Deborah Hansen, was and is a citizen of the State of Connecticut.

2. At all times material, defendant Jones Lang LaSalle Americas, Inc., was and is a Maryland corporation with a principal place of business located at 200 East Randolph Drive, Chicago, Illinois 60601.

3. At all times material, plaintiff was an employee within the meaning of Tile VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

4. At all times material, defendant is an employer within the meaning of: Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991.

### JURISDICTION AND VENUE

5. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C.

§1343 and this action is brought pursuant to: Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k).

6. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b).

7. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

8. Plaintiff commenced her employment with the defendant on January 1, 2008.

9. Plaintiff was employed by the defendant as a maintenance technician.

10. Defendant terminated plaintiff's employment on June 8, 2011.

11. At the time of plaintiff's termination, plaintiff was working for the defendant in New London, Connecticut.

12. Plaintiff is female.

13. In 2011, plaintiff was required to obtain OE-2 licensing as a part of her job with the defendant.

14. Plaintiff took steps to obtain the license.

15. Plaintiff informed the defendant of the steps she took to get the license and notified the defendant of the problems she was having with obtaining the license.

16. Plaintiff also delivered copies to the defendant of the papers she submitted for purposes of obtaining the license.

17. On June 8, 2011, defendant told the plaintiff that she was being firing because she had not obtained the license.

18. Defendant, by and through Karl Oswald, told the plaintiff that as soon as she got her license she could go back to work for the defendant at the same pay rate and same seniority.

19. At the time of her termination, plaintiff worked the night shift.

20. The other night shift employee was male.

21. The other night shift employee as of June 8, 2011 did not get his actual license.

22. The other night shift operator got his actual license on June 14, 2011.

23. Another male employee of the defendant, Darien Sheffield, does OE-2 work but does not have an OE-2 license.

24. On June 28, 2011, plaintiff passed her OE-2 test and she telephoned the defendant and informed the defendant, by and through Karl Oswald, of the fact that she passed the licensing test.

25. Plaintiff asked Oswald is she should send a copy of the test to the defendant and Oswald stated no.

26. On August 22, 2011, defendant interviewed the plaintiff for employment.

27. After the interview, Oswald told the plaintiff that he was ninety-nine percent (99%) that she was going to get her job back.

28. Defendant failed to re-hire the plaintiff until the defendant offered plaintiff new employment in January 2012.

29. Defendant offered new excuses as to why she had not been rehired sooner including:

(a) Waiting for HR to post the job;

 (b) Waiting to receive employment application back from HR;

 (c) The legal team was making sure that no union rules would be broken; and

 (d) Waiting to hear back from HR.

 30. On or about October 3, 2011, defendant, by and through Oswald, told the that he was still waiting on HR.

 31. On or about September 29, 2011, defendant hired a male with an OE-2 license.

 32. Oswald was aware of the hiring as of October 3, 2011.

 33. The new male employee was being trained for plaintiff's job.

 34. Any and all excuses offered by the defendant for terminating the Complainant's employment and/or not re-hiring her in a timely fashion would be a pretext to mask unlawful gender discrimination.

 35. Plaintiff filed charges with the U.S. Equal Employment Opportunities Commission (EEOC) on or about November 18, 2011.

 36. Plaintiff received a right to sue letter from the EEOC on or about August 22, 2014 (Right to Sue Letter attached hereto as Exhibit 1).

## FIRST COUNT
### (Gender Discrimination in Violation of Title VII as to Defendants)

 1. Plaintiff repeats the allegations in paragraphs 1-36 above as if fully incorporated herein.

 37. Defendant's actions violate Title VII of the Civil Rights Act of 1964 as amended, which prohibits discrimination on the basis of gender (female).

38. As a direct and proximate result of defendant's discrimination, plaintiff was deprived of her employment and equal employment opportunities because of her gender.

39. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of certain income and wages, and has been deprived of access of certain benefits to which she was entitled under defendant's employee benefit plan. Plaintiff has also lost payment of unused personal days, overtime pay, and/or bonus earnings.

40. As a further result of defendant's termination of plaintiff, plaintiff has suffered severe humiliation, embarrassment and emotional distress.

41. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's wrongful and discriminatory acts.

42. Defendant's termination and unequal treatment of the plaintiff was arbitrary, and unreasonably discriminatory all in violation of Title VII of the Civil Rights of 1964 as amended by the Civil Rights Act of 1991, cited as 42 U.S.C. §2000e(k). The defendant exhibited ill will, malice, improper motive, and indifference to the plaintiff's civil rights by terminating her on the basis of her gender and by failing to re-hire the plaintiff in a timely fashion.

## DEMAND FOR RELIEF

WHEREFORE, plaintiff prays for appropriate compensatory damages including: compensatory damages; damages for back pay and/or loss interest on back pay, front pay, bonuses, personal days, lost pension benefits, lost overtime, emotional distress; consequential damages; liquidated damages; punitive damages; reasonable attorneys' fees; costs; interest; job reinstatement; job reinstatement with promotion; prejudgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; punitive damages; for a trial by jury; and for all other just and proper relief.

DATE: November 13, 2014

_____
James V. Sabatini, Esq.
Fed. No.: CT 19899
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com

ATTORNEY FOR PLAINTIFF

# EXHIBIT 1

EEOC Form 161-B (11/09)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Deborah Hansen**<br>c/o Sabatini and Associates, LLC<br>One Market Square<br>Newington, CT 06111-2992 | From: **Boston Area Office**<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2012-00222 | **Anne R. Giantonio,**<br>Intake Supervisor | (617) 565-3189 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Kenneth An*
Feng K. An,
Area Office Director

August 19, 2014
(Date Mailed)

cc:
JONES LANG LASALLE AMERICAS, INC.
200 East Randolph Drive
Chicago, IL 60601