UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEBORAH HANSEN,
    Plaintiff,

    v.

JONES LANG LASALLE AMERICAS, INC.,
    Defendant.

No. 3:14-cv-01688 (JAM)

**ORDER DENYING MOTION TO DISMISS**

It has long been the rule that a Title VII plaintiff alleging that she was the victim of employment discrimination may not seek relief in a federal court until she timely exhausts her administrative remedies before the U.S. Equal Employment Opportunity Commission ("EEOC"). The principal question in this case is whether a plaintiff should lose her right to seek relief in court because of an administrative error by the EEOC—here, the EEOC wrongfully deemed plaintiff's claim to have been withdrawn when in fact she had never withdrawn her claim. Because I conclude that the EEOC's error should not negate plaintiff's right to seek relief in federal court, I will deny defendant's motion to dismiss.

**BACKGROUND**

On November 18, 2011, plaintiff Deborah Hansen timely filed a charge of gender discrimination against defendant with both the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the EEOC. Just over two years later, on November 20, 2013, plaintiff requested that her CHRO complaint be withdrawn because she was "raising

1

the issue in another forum, i.e., federal court." Doc. #12-2 at 2. The CHRO promptly accepted plaintiff's withdrawal request and closed her CHRO complaint.

There is no evidence that plaintiff withdrew her separate EEOC complaint.[1] Nevertheless, nearly six months later, on May 8, 2014, the EEOC sent plaintiff a notice mistakenly stating that her "charge of employment discrimination has been withdrawn in accordance with your request." Doc. #12-4 at 2. On July 30, 2014, plaintiff's attorney sent a letter to the EEOC advising that plaintiff had not withdrawn her EEOC complaint. Three weeks later, on August 19, 2014, the EEOC advised that the dismissal of plaintiff's charge was "hereby rescinded" because it was "based on an administrated [sic] error that closed the case based on a withdrawal which was not requested." Doc. #12-5 at 2. The EEOC also issued a right-to-sue-letter on the same date. Less than 90 days after the issuance of that right-to-sue letter, plaintiff filed this federal lawsuit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

## DISCUSSION

It is well established that a Title VII plaintiff "must satisfy two conditions before commencing suit in federal court." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006). First, she "must file timely administrative charges with the EEOC." *Ibid.* Second, she must obtain a right-to-sue letter from the EEOC and file suit within 90 days of receiving that letter. *Id.* at 213–14. It is undisputed that plaintiff complied with both of these requirements in this case.

---

[1] As defendant conceded at oral argument, the fact that plaintiff withdrew her CHRO complaint did not automatically effectuate a withdrawal of her separate EEOC complaint. Accordingly, this case is readily distinguishable from Judge Nevas' decision in *Doe v. Odili Technologies, Inc.*, 1997 WL 317316 (D. Conn. 1997), in which the plaintiff withdrew her CHRO complaint before the lapse of the 60-day deferral period during which time CHRO had exclusive jurisdiction to consider the claim, thereby triggering a simultaneous withdrawal of any EEOC claim.

Despite plaintiff's compliance with both of these requirements, defendant insists that plaintiff's lawsuit is barred by reason of the EEOC's administrative error that led it to conclude that plaintiff's claim had been withdrawn. It is true that a plaintiff who actually requests withdrawal of her EEOC charges and instead initiates a lawsuit without a right-to-sue letter has not exhausted her administrative remedies. *See Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989); *see also Rivera v. U.S. Postal Serv.*, 830 F.2d 1037, 1039 (9th Cir. 1987) ("To withdraw is to abandon one's claim, to fail to exhaust one's remedies."); *Brown v. City of New York*, 869 F. Supp. 158, 170 (S.D.N.Y. 1994) (plaintiff "effectively failed to exhaust his remedies" by withdrawing his EEOC claims).

Here, however, plaintiff did not withdraw her claim before the EEOC, and the EEOC lacks unilateral authority to withdraw a charge of discrimination absent a request from the complaining party. The EEOC's own regulations provide that "[a] charge filed by or on behalf of a person claiming to be aggrieved *may be withdrawn only by the person claiming to be aggrieved* and only with the consent of the Commission." 29 C.F.R. § 1601.10 (emphasis added).

Without disputing that the EEOC had no lawful authority to deem plaintiff's claim to be withdrawn, defendant contends that EEOC had no authority under its own regulations to re-consider this wrongful action. This argument has no merit, because "[i]t is widely accepted that an agency may, on its own initiative, reconsider its interim or even its final decisions, regardless of whether the applicable statute and agency regulations expressly provide for such review." *Dun & Bradstreet Corp. Found. v. U.S. Postal Serv.*, 946 F.2d 189, 193 (2d Cir. 1991). In view of the fact that the EEOC plainly had no authority to deem

the claim withdrawn in the first place, it would border on the bizarre to conclude that the EEOC was powerless to correct its error.

Defendant further argues that plaintiff's complaint is untimely, notwithstanding the fact that it was filed within 90 days of the EEOC's right-to-sue letter. According to defendant, it was incumbent on plaintiff to file this case within 90 days of the EEOC's purported notification of withdrawal, despite the fact that plaintiff had requested within 90 days to have the EEOC correct its error and to issue a right-to-sue letter.

I do not agree. It is well established that the 90-day period in which to bring a Title VII lawsuit runs from plaintiff's receipt of an EEOC right-to-sue letter. 42 U.S.C. § 2000e–5(f)(1) (specifying that a Title VII action must be brought within 90 days of the claimant's notification of her right to sue); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 37 (2d Cir. 2011) (same). There is no support for the proposition that the 90-day time period runs from any other date—let alone that it should commence on the date that the EEOC wrongfully approves a withdrawal that was never requested.

Indeed, if plaintiff had opted to file this suit without having first obtained a right-to-sue letter, there can be little doubt that a motion to dismiss would have followed, chiding plaintiff for failing to resolve the administrative mix-up with the EEOC before elevating this dispute to federal court. *See, e.g.*, *Dragon v. Connecticut*, 2014 WL 6633070, at *2 (D. Conn. 2014) ("A plaintiff's Title VII claims may be dismissed under Rule 12(b)(6) when the plaintiff has failed to adequately plead and attach to her complaint a right-to-sue letter showing that she has exhausted her administrative remedies."); *Spencer v. Duncaster, Inc.*, __ F. Supp. 3d __, 2014 WL 5242874, at *4 (D. Conn. 2014) (noting that "the exhaustion of administrative remedies, including obtaining an EEOC right-to-sue letter, is a precondition

to bringing a Title VII claim in federal court . . . and . . . a suit initiated by a plaintiff who has not obtained an EEOC right-to-sue letter might well be subject to dismissal upon a proper motion") (citation and internal quotation marks omitted).[2]

Finally, even if defendant's claims so far had the least bit of legal merit, I would still find that the principles of equity allow plaintiff's claim to proceed. The Second Circuit and numerous other courts have recognized that, as a matter of equity, plaintiffs should "not [be] penalize[d] . . . for [the] EEOC's mistakes and misinformation." *Harris v. City of New York*, 186 F.3d 243, 248 n.3 (2d Cir. 1999); *see also Jackson v. Richards Med. Co.*, 961 F.2d 575, 587 n.11 (6th Cir. 1992) (noting that "courts have consistently applied principles of equitable tolling to prevent [a] party from being penalized for the [EEOC]'s mistakes"); *Cooper v. Wyeth Ayerst Lederle*, 34 F. Supp. 2d 197, 202 (S.D.N.Y. 1999) (noting that "[EEOC] errors should not work to a claimant's detriment"). In short, it would be wrong to bar plaintiff from seeking redress in this Court because of the EEOC's error.

## CONCLUSION

For all these reasons, defendant's motion to dismiss is DENIED.

---

[2] Title VII's timely-filing requirements differ significantly from the requirements applicable in Age Discrimination in Employment Act ("ADEA") cases. Under the ADEA's statutory scheme, EEOC notification that its proceedings have been terminated—whether by dismissal or any other mechanism—starts the clock on the 90-day statute of limitations period. *See* 29 U.S.C. § 626(e) (providing that 90-day limitations period commences when the EEOC notifies the complainant that her "charge . . . is dismissed . . . or the proceedings are otherwise terminated"). Moreover, ADEA plaintiffs do not even need a right-to-sue letter to initiate a federal lawsuit; they may "file suit in court at any time from 60 days after filing the EEOC charge until 90 days after . . . receiv[ing] notice from the EEOC that the EEOC proceedings are terminated." *Hodge v. New York Coll. of Podiatric Medicine*, 157 F.3d 164, 166 (2d Cir. 1998). With these rules in mind, it is clear that defendant's reliance on *Slootskin v. John Brown Engineering and Const., Inc.*, 2006 WL 516748 (D. Conn. 2006)—a case involving an ADEA claim, and not a Title VII claim—is misplaced. In *Slootskin*, the EEOC mistakenly sent plaintiff a "determination letter," claiming that the matter had been settled and notifying plaintiff that "'[t]his concludes the Commission's processing of the charge.'" *Id.* at *2. Chief Judge Hall held that plaintiff's failure to bring a suit within 90 days of receiving this erroneous "determination letter" rendered plaintiff's lawsuit untimely because "the language of the Determination letter, on its face, provided sufficient notice of termination to start the running of the limitation period" pursuant to the ADEA. *Id.* at *3. By contrast, in this Title VII case, plaintiff could not initiate her federal lawsuit without first obtaining an EEOC right-to-sue letter.

It is so ordered.

Dated at Bridgeport this 28th day of April 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge